**Abou Aliou SOW, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 07–2922–ag.

United States Court of Appeals, Second Circuit.

Aug. 12, 2009.

Theodore Vialet, Esq., New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Carl H. McIntyre, Jr., Assistant Director; Justin R. Markel, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: GUIDO CALABRESI, REENA RAGGI and PETER W. HALL, Circuit Judges.

### *SUMMARY ORDER*

Petitioner, Abou Aliou Sow, a native and citizen of Mauritania, seeks review of the June 15, 2007 order of the BIA affirming the December 13, 2004 decision of Immigration Judge (IJ) Noel Ferris denying Petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). *In re Abou Aliou Sow,* No. A 79 314 101 (B.I.A. June 15, 2007), *aff'g* No. A 79 314 101 (Immig. Ct. N.Y. City Dec. 13, 2004). We assume the parties' familiarity with the case's underlying facts and procedural history.

Where, as here, the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey,* 514 F.3d 233, 237 (2d Cir.2008) (internal quotation marks omitted). We review the agency's factual findings, including adverse credibility determinations, under the substantial evi-

---

\* The Clerk of Court is instructed to amend the caption accordingly.

dence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). We review *de novo* questions of law and the application of law to undisputed fact. *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008).

As a preliminary matter, because Petitioner failed to raise before this Court any challenge to the Agency's denial of his CAT claim, we deem any such argument waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir.2005). In addition, Petitioner fails to challenge many of the bases for the IJ's adverse credibility determination, including her findings that: (1) there were inconsistencies between his testimony and his asylum application; (2) aspects of his testimony were implausible; and (3) he failed to provide sufficient corroborating evidence. Accordingly, we deem any challenge to these findings waived, and they stand as proper bases for the IJ's credibility determination. *See Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir. 2008).

As to the findings Petitioner does challenge, each was supported by substantial evidence. The agency properly noted that despite Petitioner's testimony that his arm was broken while he was beaten in Mauritania, he made no such assertion in his asylum application and did not provide any medical documentation to show his arm had ever been broken. Although petitioners are not required to list every single incident of persecution in their asylum applications, *Pavlova v. INS*, 441 F.3d 82, 90 (2d Cir.2006), it was reasonable for the agency to expect Petitioner to have mentioned his broken arm as it was a major consequence of the alleged beatings that formed the basis of his claims. While Petitioner offered explanations for this and

other discrepancies, a reasonable factfinder would not have been compelled to credit them. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005).

Ultimately, the record supports the Agency's conclusion that Petitioner was not credible. Because Petitioner's asylum and withholding of removal claims were based on the same factual predicate, the adverse credibility determination was fatal to both claims. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).